Argued and submitted September 30, reversed December 7, 1983

In the Matter of the Compensation of
Eugene Thomas, Claimant.

EBI COMPANIES,
*Petitioner,*

*v.*

THOMAS et al,
*Respondents.*

(81-07043 and 81-07044; CA A27118)

672 P2d 1241

Deborah S. MacMillan, Portland, argued the cause for petitioner. With her on the brief was Moscato & Meyers, Portland.

No appearance for respondent Eugene Thomas.

Richard Wm. Davis, Portland, waived appearance for respondent Argonaut Insurance Company.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioner (EBI) seeks review of an order of the Workers' Compensation Board (Board). EBI assigns as error that the Board awarded claimant penalties and attorney fees. We reverse.

Claimant was employed by O.K. Delivery Systems. He suffered a compensable injury to his back on October 31, 1977. At that time EBI insured the employer. Claimant was released to return to his job on February 19, 1979. On March 5, 1981, claimant again injured his back. At that time, Argonaut Insurance Company (Argonaut) insured employer.

On March 13, 1981, claimant filed an aggravation claim with EBI for the second injury. On June 10, 1981, EBI denied the aggravation claim on the ground that the 1981 injury was a new injury for which Argonaut was responsible:

"We have reviewed the medical reports and the request for reopening of your claim which was closed by Determination Order dated February 8, 1979. Our investigation indicates that you have not been under active medical treatment since February 19, 1979, and have continued to work at your regular job until March 5, 1981, when you had a definite new incident while lifting a 300 pound pipe. It is therefore, necessary for us to deny the reopening of your claim for aggravation.

"By copy of this letter to Dan Zahn of the Workers' Compensation Board and to Argonaut Insurance Company, we are requesting the appointment of a designated paying agency [under ORS 656.307] to process your claim until the responsibility for your present condition can be determined."

On the same date, EBI informed the Compliance Division that (1) it was sending Argonaut all the medical reports with a notice of EBI's request and (2) it had reinstated temporary total disability benefits for the period from March 5, 1981, and had paid them through June 11, 1981.

On July 20, 1981, Argonaut denied responsibility. It claimed that the 1981 injury was an aggravation of claimant's 1977 injury and that EBI was the responsible insurer. On July 23, 1981, EBI again requested the Compliance Division to

issue an order pursuant to ORS 656.307[1] designating a paying agent, pending final determination of responsibility. On August 19, 1981, the Compliance Division issued a ".307 order" designating EBI as the paying agent.

Claimant requested a hearing on both claims. Each request for hearing named as an issue "Failure to meet requirements of ORS 656.307 and OAR 436-54-332."[2] The referee held a hearing and concluded that EBI was the responsible insurer, because claimant had suffered an aggravation of his 1977 injury. The referee's decision also stated:

"Counsel for claimant labored to show that claimant suffered a new injury rather than an aggravation but was unsuccessful. In view of the court's ruling and comments in *HANNA vs. McGREW BROS. SAWMILL* (45 Or App 757) claimant is not entitled to an attorney fee where responsibility, but not compensability, is the issue.

"However, claimant's counsel claims that if he is not otherwise entitled to an attorney fee, claimant is entitled to penalties and attorneys fees for the insurers' failure to meet the requirements of ORS 656.307 and OAR 436-54-332.

---

[1] ORS 656.307 provides:

"(1) Where there is an issue regarding:

"* * * * *

"(b) Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"* * * * *

"the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. Payments shall begin in any event as provided in ORS 656.262(4) * * *. When a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. * * *

"* * * * *

"(3) The claimant shall be joined in any proceedings under this section as a necessary party, but may elect to be treated as a nominal party."

[2] OAR 463-54-332 provides in part that the Compliance Division shall designate who is to pay a compensable claim when there is an issue regarding which insurer is responsible for payment of compensation, that insurers with knowledge of such a situation shall "expedite the processing of the claim by immediate priority investigation" to determine responsibility and compensability and that insurers shall "immediately notify" any other affected insurers.

"There is no specific failure to meet the requirements of the statute or rule pointed out. ORS 656.307 and OAR 436-54-332 do not spell out any definite time period for obtaining a '307' Order from the Compliance Division or provide a penalty for delay in the issuance of a '307' Order.

"Presumably claimant refers to delays. Claimant's doctor notified EBI of the aggravation claim by letter dated March 11, 1981. Acceptance or denial was due within 60 days (ORS 656.273(6); ORS 656.262(6). EBI's denial was not issued until June 10, 1981. This late denial is presumed to be unreasonable, there being no explanation advanced by EBI. A penalty on this basis would be assessable. However, penalties are based on 'amounts then due' (ORS 656.262(9)) and there is no proof of any unpaid compensation due at any point in time and there is uncontradicted evidence that claimant's time loss had been reinstated (EBI's letter of June 10, 1981).

"There was delay in the issuance of the '307' Order and the delay was occassioned [sic] by EBI. Although EBI requested the '307' Order on the same day that it denied the aggravation claim, the denial itself was unreasonably delayed. Without this unreasonable delay, it is presumed that the request for the '307' Order would have been more promptly made and the unreasonable delay in asking for the '307' Order justifies an award of an attorney fee payable by EBI, pursuant to ORS 656.262(9)."

The Board concluded, and it is not challenged here, that Argonaut was the responsible insurer, because the 1981 incident contributed to claimant's subsequent disability. The Board then took up the issues of penalties and attorney fees:

"* * * Although claimant's aggravation claim was dated March 11, 1981 and received by EBI on March 13, 1981, EBI neither denied the claim nor requested an order pursuant to ORS 656.307 until June 10, 1981, about 90 days later. We believe that all denials, whether of compensability or responsibility, have to be issued within 60 days. ORS 656.262(6). In addition, when insurer responsibility issues arise, OAR 436-54-332 requires all involved insurers to 'expedite' claim processing by 'immediate priority investigation.' The 90 day period between EBI's receipt of claimant's aggravation claim and action on that claim does not conform to the letter or spirit of the statute or administrative rule.

"* * * Also, * * * assessment of an attorney fee pursuant to ORS 656.382(1) is appropriate in this case.

"The Referee declined to assess a penalty because EBI was paying interim compensation until the date of its denial; the Referee thus reasoned that there were no amounts of compensation 'then due' upon which to assess a penalty. In *Norman J. Gibson,* 34 Van Natta 1583 (1982), we admitted that the 'then due' language of ORS 656.262(9) has created considerable confusion in this kind of situation, but concluded that when a denial is unreasonably late we will assess a penalty on the interim compensation paid between the sixtieth day and the date of the denial."

The Board ordered that EBI pay a penalty to claimant equal to 25 percent of the compensation for temporary total disability due for the period from May 12, 1981, through June 20, 1981, and also an attorney fee of $400 in lieu of the $500 fee awarded by the referee.

EBI's denial of the aggravation claim was not issued until June 10, 1981, 90 days after it received notice of the claim. ORS 656.262(9) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

Claimant's request for hearing designated the issue as "Failure to meet requirements of ORS 656.307 and OAR 436-54-332." EBI argues, and we agree, that this does not raise whether penalties or attorney fees should be allowed for a late denial under ORS 656.262(9). The following exchange took place between the referee and counsel at the hearing:

"So the issues before us today, as I understand it, are first the question of whether there has been a new accident or an aggravation; there being no contention that this claim is not compensable, and the possibility of an attorney fee to claimant should he prevail against either employer or insurer. I understand that Mr. Roberts on behalf of Argonaut is asserting that the recent decision in the case of *National Farmers Union Insurance v. Dale Scofield* eliminates the possibility of an attorney fee in this case; and because of that, Mr. Turner is asserting the issues originally raised in the request for hearing, to wit, and in effect, penalties and attorney's fees for failure or delay of the insurers to meet the requirements of ORS 656.307

and OAR 436-54-332, that is in a case where an attorney fee is not otherwise allowable.

"Have I correctly stated the issues, gentlemen?

"MR. TURNER: [Counsel for claimant] Yes.

"MR. MOSCATO: [Counsel for EBI] I will join in Mr. Roberts' contention that claimant's counsel is not entitled to a fee under a 307 Order pursuant to the Scofield decision.

"HEARING REFEREE: I don't remember what that decision said, but I understand that the Board came down with it and ruled on the 307 cases, but I will look into that.

"MR. MOSCATO: I could give you a brief synopsis of it, as it was my case.

"HEARING REFEREE: You might do that in your closing.

"MR. MOSCATO: All right."

This exchange does not include an agreement that penalties or attorney fees for late denial of the claim were issues. Although the referee apparently believed that the issues were raised, he did not award a penalty, stating that "there is no proof of any unpaid compensation due at any point in time and there is uncontradicted evidence that claimant's time loss had been reinstated." Even if claimant had raised the penalty issue, and he did not, there were no "amounts then due" upon which a penalty could be assessed within the meaning of ORS 656.262(9).

EBI also challenges the Board's award of attorney fees to claimant. The referee ruled that EBI's late denial, in the absence of an explanation, was presumed to be unreasonable, caused the unreasonable delay in asking for the .307 order and justified an award of attorney fees, pursuant to ORS 656.262(9). The Board reduced the attorney fee to $400 and stated that it was "for services rendered in connection with the penalty issue." ORS 656.262(9) provides that insurer shall be liable for "any attorney fees which may be assessed under ORS 656.382" if the insurer "unreasonably delays * * * to pay compensation, or unreasonably delays * * * denial of a claim." As stated above, the issues of penalties or attorney fees for late denial were not raised. EBI requested the .307 order on June 10, 1981. ORS 656.307 and OAR 346-54-332 do not provide for

attorney fees (or penalties) if an insurer unreasonably delays a request to designate a paying agent. Neither does ORS 656.262(9) so provide. EBI's request for a .307 order might have been more prompt if its denial of the claim had not been delayed, but in the absence of specific statutory authority for imposition of attorney fees (or penalties) the Board may not impose them, even if the delay in requesting the .307 order results from unreasonable delay in denial of a claim.

Reversed as to penalties and attorney fees.