Argued and submitted December 5, 1984, affirmed February 6, reconsideration denied April 5, petition for review denied May 29, 1985 (299 Or 203)

In the Matter of the Compensation
of Dena G. McGehee, Claimant.

## JELD-WEN, INC.,
*Petitioner,*

*v.*

## McGEHEE et al,
*Respondents.*

(81-10062, 83-07112; CA A32671)

695 P2d 92

──────────

Brian L. Pocock, Eugene, argued the cause and filed the brief for petitioner.

Robert L. Chapman, Medford, argued the cause and filed the brief for respondent, Dena G. McGehee.

Gilah Tenenbaum, Beaverton, argued the cause for respondents Wausau Insurance Company and Lumoco. On the brief was David O. Horne, Beaverton.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Jeld-Wen, Inc., seeks review of an order of the Workers' Compensation Board which held that it, and not a subsequent employer, is responsible for claimant's compensable condition. Jeld-Wen argues that the Board erred in holding that it was barred from denying the aggravation claim that it had earlier accepted. We affirm.

Claimant suffered a compensable injury at Jeld-Wen on October 10, 1979. After she had returned to work, she was laid off and was unemployed for some time. In August, 1980, she began working at Lumoco, which was insured by Wausau. Her back condition worsened in April, 1981, without any specific incident having occurred at Lumoco. On August 28, 1981, Jeld-Wen accepted an aggravation claim and paid benefits for a year and a half. On March 25, 1983, Jeld-Wen denied the claim retroactively to April 17, 1981, on the basis that Lumoco was responsible for claimant's condition. After receiving Jeld-Wen's denial, claimant filed a claim against Lumoco, which denied it on July 29, 1983. Both employers concede compensability. The only issue is which is responsible for benefits.

The Board held that Jeld-Wen's acceptance of the aggravation claim and payment of benefits barred it from later denying the claim, citing *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983). Jeld-Wen argues that *Bauman* only applies when compensability is in issue and not when the only issue is responsibility, as in this case.

In *Bauman*, the Supreme Court gave three basic policy reasons, in addition to its readings of relevant statutory language, which provided the foundation for its holding:[1] retrospective denials add instability to the system; the parties would potentially encounter difficulties of proof resulting from the passage of time; and speedy final resolution of claims is important to the system. Those considerations are as

---

[1] The Supreme Court has recently clarified the *Bauman* rule to the effect that an employer may not deny a claim after it has been accepted unless the denial is issued within 60 days after notice of the claim. *Wheeler v. Boise Cascade*, 298 Or 452, 693 P2d 632 (1985). Jeld-Wen's reliance on *SAIF v. Mathews*, 66 Or App 175, 672 P2d 1380 (1983), as being a modification of *Bauman*, is wholly without substance. That was not a retrospective ("backup") denial situation. It was a straightforward responsibility dispute. *See Parker v. North Pacific Insurance Co.*, 66 Or App 118, 672 P2d 1248 (1983), *rev den* 296 Or 536 (1984).

weighty in claims involving responsibility as in those involving compensability. Proof problems that could result from the passage of time and the impact on the system from delay are the same, regardless of whether the dispute is between employers or more directly involves a claimant. Moreover, stability is at least as likely to be impaired by denials in responsibility cases long after acceptances.

If an employer is allowed to accept a claim and pay benefits for a substantial period of time (like the year and a half in this case) and then deny the claim, a claimant would be placed in a threatened position. Even though she has an accepted claim as to one employer, she would be required to make protective claims against all other employers who might be responsible to protect against the eventuality that the employer who has accepted the claim will later deny and she will lose any chance for compensation. If she makes a claim against a second employer and it denies the claim, the claimant will not be able to rely on the fact that she has an allowed claim against another employer but would be required to appeal, even though she has nothing immediately to gain if the denial were overturned. Not to pursue alternate claims could well prove fatal to any compensation. The resulting costs of time and resources for claimants, attorneys, employers, insurers and the whole system is obvious.

It would be possible to create a rule that, whenever a claimant is subject to the described risk, an employer would be barred from a denial after acceptance but, if the claimant is not at risk, no bar would exist. However, given the time limits for claimants to make claims or appeal denials, that rule would affect few cases and would not contribute to the stability and certainty of the compensation system. We see nothing in the Supreme Court's opinion in *Bauman* or in the nature of responsibility issues as opposed to compensability issues that persuades us to hold that the *Bauman* rule is not equally applicable in a responsibility dispute between employers. We therefore agree with the Board that *Bauman* applies to this case and that Jeld-Wen, having accepted the aggravation claim and paid benefits, is now barred from denying responsibility.

Affirmed.