Argued and submitted October 17, 1984, reversed and remanded March 20, reconsideration denied May 10, petition for review denied June 4, 1985 (299 Or 151)

In the Matter of the Compensation
of Cleve A. Retchless, Claimant.

RETCHLESS,
*Petitioner - Cross-Respondent,*

*v.*

LAURELHURST THRIFTWAY et al,
*Respondents - Cross-Respondents,*
*and*

BUTLER'S VILLAGE MARKET et al,
*Respondents - Cross-Petitioners.*

(79-04418, 79-08745; CA A30738)

696 P2d 1181

Mitchell Crew, Portland, argued the cause for petitioner - cross-respondent. With him on the brief was Mercer, MacLaren, King & Crew, Portland.

Allan M. Muir, Portland, argued the cause for respondents - cross-respondents. With him on the brief were Roger A. Luedtke, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Scott M. Kelley, Portland, argued the cause for respondents - cross-petitioners. With him on the brief was Cheney & Kelley, P.C., Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

**VAN HOOMISEN, J..**

Claimant and Industrial Indemnity Company seek judicial review of an order on reconsideration of the Workers' Compensation Board. ORS 656.298. They contend that the Board erred in vacating its previous order that had affirmed the referee's conclusion that claimant had sustained a new injury in 1978 while employed by Laurelhurst Thriftway, rather than an aggravation of an injury sustained in 1973 while employed by Butler's Village Market. We reverse and remand for further proceedings.

Claimant sustained a compensable back injury in 1973, while employed by Butler's. Industrial Indemnity, Butler's carrier at that time, accepted the claim. It was closed by determination order in 1974. Claimant sustained a second compensable back injury in 1978, while employed by Laurelhurst. United Grocers Insurance was Laurelhurst's carrier at that time. Industrial Indemnity accepted that claim as an aggravation of claimant's 1973 injury. It was closed by determination order in May, 1979. In August, 1979, claimant filed a claim against Laurelhurst, alleging that the 1978 incident was a new injury. United Grocers Insurance denied responsibility. In 1981, Industrial Indemnity retroactively denied claimant's aggravation claim. Claimant appealed both denials.

The referee found that claimant had sustained a new injury in 1978. The Board affirmed that finding. However, on reconsideration, ORS 656.295, the Board held that Industrial Indemnity's acceptance of the 1978 aggravation claim, and payment of benefits, barred it from later denying claimant's aggravation claim. The Board relied on *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). We disagree with the Board's interpretation of *Bauman.*

We interpret *Bauman* to mean that Industrial Indemnity must pay compensation, at least until someone else is determined to be responsible. *See Jeld-Wen, Inc. v. McGehee,* 72 Or App 12, 695 P2d 92 (1985). Here, the referee and the Board found that claimant had sustained a new injury in 1978 while employed by Laurelhurst. We agree. United

Grocers Insurance was Laurelhurst's carrier at that time; it isresponsible for the new injury.

Reversed and remanded for further proceedings.[1]

---

[1] Because we remand, we do not consider the merits of claimant's second assignment that the Board erred in denying him an award of attorney fees against Laurelhurst and its carrier on Board review.