Argued and submitted November 16, 1984, reversed on petition, affirmed on cross-petition April 3, 1985

In the Matter of the Compensation
of Ray A. Whitman, Claimant.

WHITMAN,
*Petitioner - Cross-Respondent,*

*v.*

INDUSTRIAL INDEMNITY COMPANY,
*Respondent - Cross-Petitioner,*
EBI COMPANIES et al,
*Respondents - Cross-Respondents.*

(83-00043, 83-00726; CA A32263)

697 P2d 999

Allen T. Murphy, Jr., Portland, argued the cause for petitioner - cross-respondent. With him on the brief was Richardson & Murphy, Portland.

Scott M. Kelley, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Cheney & Kelley, P. C., Portland.

Jerald P. Keene, Portland, argued the cause for respondents - cross-respondents. With him on the brief was Roberts, Reinisch & Klor, P. C., Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks review of a Workers' Compensation Board order that reversed a referee's order that assessed penalties and attorney fees against Industrial Indemnity for an unreasonable delay in accepting his claim. Industrial Indemnity cross-petitions from that part of the Board's order that affirmed the referee's order that claimant had incurred a new injury for which it is the responsible insurer. We review *de novo*.

At all relevant times, claimant was employed by Western Concrete Pumping. He injured his back in 1978. EBI was Western's insurer at that time. He injured his back again in 1981. Industrial Indemnity was Western's insurer at that time. Initially, EBI treated claimant's second back injury as an aggravation claim. EBI paid time loss benefits from October, 1981, to January, 1982, when it denied responsibility. When Industrial Indemnity received notice of the claim in January, 1982, it began paying time loss benefits. It did not pay claimant's hospital bills, and it failed to accept or deny the claim until December, 1982, at which time it requested a 307 order designating a paying agent *under* ORS 656.307.

The referee found in relevant part:

"4) The entire claims handling process by Industrial Indemnity has caused this claimant to be denied medical treatment by his treating physician, left him in limbo for some 11 months and caused him to be dunned by credit agencies for non-payment of hospital bills.

"I find that the appropriate penalty for this conduct is a payment to claimant of 25 percent of all compensation due him from the 60th day after Industrial Indemnity had notice or knowledge of the claim until the date of the request for the 307 Order. It is this Referee's understanding and I so find that Industrial Indemnity had notice or knowledge of this claim on January 20, 1982. The date of the request for the 307 Order is December 30, 1982. The above penalty applies to compensation due claimant even if he has in fact received it.

"I find further that Industrial Indemnity shall pay to the claimant an amount equal to 25 percent of the Emanuel Hospital bill as and for unreasonable conduct in the payment of that bill.

"I find further that Industrial Indemnity shall pay to the

claimant's attorney the sum of $1500 as and for a reasonable attorney fee for his efforts in representing his client on all issues in this matter."

The Board agreed with the referee's responsibility determination. However, it held that Industrial Indemnity was not subject to penalties:

"Industrial failed to accept or deny claimant's claim until December 30, 1982, well beyond the sixty-day requirement of ORS 656.262(6). We held in *Norman J. Gibson,* 34 Van Natta 1583 (1982), and *Eugene Thomas,* 35 Van Natta 16 (1983), that in situations involving an unreasonably delayed denial the insurer would be penalized for violation of this statutory duty regardless of its payment of interim compensation. We interpreted the 'then due' language of ORS 656.262(10) (formerly ORS 656.262(9)) to mean that when a denial was unreasonably late a penalty would be imposed and calculated upon the interim compensation paid between the sixtieth day and the date of the denial. *Norman J. Gibson, supra,* 34 Van Natta at 1584; *Eugene Thomas, supra,* 35 Van Natta at 18. In apparent reliance upon these decisions, the Referee imposed a penalty based upon all compensation due claimant until December 30, 1982, regardless of payment.

"The Court of Appeals recently reversed that portion of our order in *Thomas* which imposed a penalty and attorney's fee, and in so doing, cast considerable doubt upon our interpretation of the 'then due' language in ORS 656.262(10) as expressed in *Gibson. EBI Companies v. Thomas,* 66 Or App 105 (1983). Although the court's statements appear to be dicta, the clear message is that in situations such as this, where the insurer unreasonably delays acceptance or denial of a claim but nevertheless complies with its separate and distinct duty to pay interim compensation during the period of delay, the insurer is not subject to a penalty for unreasonably delaying acceptance or denial pursuant to ORS 656.262(6), because there are no amounts 'then due' upon which a penalty can be assessed within the meaning of ORS 656.262(10). 66 Or App at 111."

The Board interpreted ORS 656.262(6):

" 'Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 60 days after the employer has notice of [sic] knowledge of the claim. *Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits or burial expenses.* The insurer

shall also furnish the employer a copy of the notice of acceptance. * * *' ORS 656.262(6).

"The underscored sentence was added to ORS 656.262(6) by Oregon Laws 1981, chapter 874, § 4, with an effective date of July 1, 1981 (Oregon Laws 1981, chapter 874, § 23). For injuries occurring on and after the effective date of this enactment, the insurer is not obligated to pay medical bills on an interim basis pursuant to ORS 656.262(4). ORS 656.202(2); *SAIF v. Mathews,* 55 Or App 608 (1982). Because there is no obligation to pay medical services on an interim basis, such medical services cannot constitute compensation 'then due' within the meaning of the penalty provision of ORS 656.262(10).

"Industrial has been found responsible for claimant's September 15, 1981 new injury. ORS 656.262(6) was in effect in its present form on that date. Accordingly, claimant was not entitled to be paid compensation in the form of medical services pending acceptance or denial of his new injury claim by Industrial. It follows, therefore, that no penalty can be imposed." (Emphasis supplied.)

The Board concluded that, because the referee's award of attorney fees included a penalty associated fee pursuant to ORS 656.382(1),[1] the Board's elimination of the penalties required elimination of the attorney fees.

■■■ We agree with the Board's determination of responsibility. We also agree that, under these facts, there were no "amounts then due" as to the temporary total disability on which a penalty could be assessed. ORS 656.262(10); *see EBI Companies v. Thomas,* 66 Or App 105, 672 P2d 1241 (1983). We conclude, however, that the language in ORS 656.262(6) excepting payment of medical benefits or burial expenses pending acceptance of a claim refers, for the purposes of the penalty provisions of ORS 656.262(10), to the 60-day period referred to in ORS 656.262(6). Any other interpretation effectively would eviscerate an insurer's duty promptly to pay

---

[1] ORS 656.382(1) provides:

"(1) If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney's fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

medical bills arising from a *bona fide* claim. Accordingly, we reinstate that part of the referee's opinion assessing a 25 percent penalty on the hospital bill. We remand to the Board for redetermination of the attorney fees.

Reversed on petition; referee's order on penalties and attorney fees reinstated; affirmed on cross-petition.