Argued and submitted May 2, 1985, reversed and remanded February 12, 1986

In the Matter of the Compensation of
Ray A. Stern, Claimant.
FRED SHEARER & SONS et al,
*Petitioners,*

*v.*

STERN et al,
*Respondents.*

(83-05299, 82-11791; CA A33706)

713 P2d 1078

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

James L. Francesconi, Portland, waived appearance for respondent Ray A. Stern.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer and EBI seek review of a Board order which held that EBI, and not SAIF, is responsible for claimant's compensable injury.

EBI initially accepted a new injury claim filed on February 28, 1983, and paid claimant time loss for the short period of time for which he was entitled to it. On May 26, 1983, it denied the claim retroactively, having determined that the injury was an aggravation of an earlier injury for which SAIF was responsible. Within six days of the denial, EBI requested the Workers' Compensation Department to issue an order designating a paying agent under ORS 656.307.[1] The department did so, assigning interim responsibility to SAIF, pending resolution of the responsibility dispute. The short period of time loss incurred by claimant had been paid by EBI, and SAIF undertook payment of all subsequent obligations under the order issued pursuant to ORS 656.307. The Board later held that EBI could not deny the claim retroactively.

In *Jeld-Wen, Inc. v. McGehee,* 72 Or App 12, 695 P2d 92, *rev den* 299 Or 203 (1985), we held that the rule stated in *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), prohibiting "back-up denials," applies to denials of responsibility. We stated that the rule should be applied to all back-up denials, whether or not the claimant was at risk of losing benefits for having filed against the wrong employer. In *Retchless v. Laurelhurst Thriftway,* 72 Or App 729, 696 P2d 1181, *rev den* 299 Or 251 (1985), we held that the original accepting employer was required to continue paying compensation and could not deny the claim retroactively *unless and until someone else is determined to be responsible.* In that case, after the original claim for aggravation was closed, the claimant filed a

---

[1] ORS 656.307(1) provides, in part:

"(1) Where there is an issue regarding:

"* * * * *

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries

"* * * * *

the director shall, by order, designate who shall pay the claim, if the claim is otherwise compensable. * * *"

new claim against a later employer, alleging that the same incident that gave rise to the aggravation claim was a new injury for which the later employer was responsible. That claim was denied; then the first employer retroactively denied the claimant's aggravation claim. The claimant requested a hearing on both denials, and the referee determined that the incident was a new injury. Although the Board on review agreed with the referee, on reconsideration it held that *Bauman* prohibited the first employer from denying the aggravation claim. We reversed, because it had been determined, at the claimant's behest, that the second employer was responsible and, therefore, there was no reason to apply *Bauman.*

The situation here is analogous to *Retchless;* however, instead of the employer that retroactively denied the claim having to remain liable until the responsibility of another has been determined, SAIF, as the paying agent under ORS 656.307, became liable to make the payments until responsibility was determined. When the referee and the Board determined that the claim was for an aggravation for which SAIF is responsible, EBI's denial became effective retroactively. At no time was claimant at risk. The only issue has been that of responsibility, and the .307 order assured that payment of benefits would not be interrupted. Accordingly, there is no reason to apply the *Bauman* rule.

Reversed and remanded.