Argued and submitted October 9, 1987, reversed and remanded on petition as to penalty for late denial, otherwise affirmed on petition and cross-petition June 22, 1988

In the Matter of the Compensation of
Elmira K. Satcher, Claimant.

WACKER SILTRONIC CORPORATION et al,
*Petitioners - Cross-Respondents,*

*v.*

SATCHER,
*Respondent - Cross-Petitioner.*

(WCB No. 85-07300; CA A41482)

756 P2d 679

Jerald P. Keene, Portland, argued the cause for petitioners - cross-respondents. With him on the briefs were Roberts, Reinisch & Klor, P.C., Portland.

Patrick K. Mackin, Portland, argued the cause and filed the brief for respondent - cross-petitioner.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Employer seeks review of a Worker's Compensation Board Order which affirmed the referee's order setting aside employer's denial of the claim and awarded a 25% penalty and attorney fees for late denial. Claimant cross-petitions and seeks review of that portion of the Board order which affirmed the referee's finding that the denial was reasonable. On *de novo* review, we affirm in part and reverse in part.

The first issue is whether claimant sustained a work-related injury. Employer argues that he did not. The referee found that claimant strained his lower back on February 15, 1985, in an unwitnessed accident which occurred at work while he was handling boxes weighing approximately 40 to 50 pounds. At that time, he talked with a co-worker about his pain, requested a vacation day from his supervisor and got pain relievers from the company nurse. The next day, claimant again reported to the company nurse, who gave him a heating pad and placed him on "light duty." Claimant, however, could not do even light work, and his supervisor drove him to the hospital emergency room. The doctor there advised claimant to take three days off work.

Claimant then went to Dr. Cichoke, a chiropractor, who continued to have claimant stay off work, provided him treatment and gave him a back support. Employer deferred action on the claim. In March, claimant went to Dr. Scott, another chiropractor, who found a significantly diminished range of motion, stated that claimant's conditions were related to the February injury and authorized claimant to remain off work from March 25 to April 11. She released him for light work on April 11. In March, 1985, claimant was examined by Dr. Howell, an osteopath, at insurer's request. He stated that claimant was not a reliable historian, that he could find no objective evidence of musculoskeletal abnormalities and that "medical treatment is neither reasonable nor necessary."

In April, 1985, Dr. Ho, an osteopath, examined claimant at insurer's request. He found no evidence of orthopedic abnormality and believed that claimant's pain behavior was affected and exaggerated. In May, claimant went to the Northwest Pain Center Associates, where the two doctors who examined him observed a discrepancy between his subjective

complaints of pain and his behavior. They believed that his recovery was impeded by psychological influences. On the basis of the conflicting medical reports, employer denied the claim on June 14, 1985, approximately four months after it had notice of the original injury.

A hearing was held in January, 1986. The referee found that claimant was "essentially credible and reliable." He concluded that claimant had met his burden of proving that his back pain began at work on February 15, that the injury was consistent with his job and that there were no intervening causes of his pain. The referee acknowledged that claimant may have exaggerated the extent of his pain but emphasized that the only issue was the compensability of the injury. He concluded that employer's denial of the claim was reasonable, but unreasonably late. He then awarded claimant a 25% penalty on the amount of compensation due as of the time of the hearing and attorney fees.[1]

■ Employer argues that the referee erred in setting aside its denial of claimant's claim. We disagree. Claimant established that he suffered a back strain at work on February 15, 1988. Although the conflicting medical reports to which the employer directs us cast doubt on claimant's credibility, the referee observed claimant's demeanor and found him credible. We defer to that finding. *Havice v. SAIF*, 80 Or App 448, 722 P2d 742 (1986); *Condon v. City of Portland*, 52 Or App 1043, 629 P2d 1324, *rev den* 291 Or 662 (1981).[2]

■ Employer next argues that the Board erred when it ordered that the penalty for employer's unreasonably late denial should be based on the amount due at the time of the hearing, rather than on the amount due at the time of the denial. We agree. ORS 656.262(10) provides:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount

---

[1] Employer does not challenge the award of attorney fees.

[2] Claimant argues in his cross-petition, however, that employer's denial was unreasonable, because employer's own employes never questioned the fact of claimant's injury at the time of the accident. On the basis of the medical reports, we agree with the referee and the Board that employer could reasonably deny the claim.

up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

The statute requires that, to support a penalty which bears a reasonable relationship to the wrong done, there must be an unpaid amount "then due." If employer issued a late denial, but had paid interim compensation until then, there would be no "amounts then due" on which to base a penalty. *Whitman v. Industrial Indemnity Co.,* 73 Or App 73, 77, 697 P2d 999 (1985); *see also EBI Companies v. Thomas,* 66 Or App 105, 111, 672 P2d 1241 (1983).

The question here is whether the amounts "*then* due" for a late denial are calculated as of the time of the denial or as of the time of the hearing. Although we have never expressly addressed the point, we have assumed that "then" means at the time of the denial. *See Spivey v. SAIF,* 79 Or App 568, 720 P2d 755 (1986).[3] If "then due" were to mean at the time of the hearing, it would be inconsistent with the policy that a penalty must be proportionate to the wrong done. If the Board assesses the penalty for a *late* denial on the amount due as of the time of the hearing, the penalty would be calculated on the same amount as in the case of a penalty for an unreasonable denial. The statute does not authorize such a penalty.

Accordingly, we conclude that the amount "then due" for an unreasonably late denial should be determined as of the time of the denial. We remand to the Board to determine the amount that was due at that time and to assess an appropriate penalty.

Reversed and remanded on the petition as to the penalty for unreasonable late denial; otherwise affirmed on petition and cross-petition.

---

[3] We remanded *Spivey* to the Board to determine "if there were any amounts due *at the time of SAIF's denial,* and if so, for a determination of the penalty." 79 Or App at 572. (Emphasis supplied.)