Argued and submitted January 17, reversed and remanded March 21, reconsideration denied May 16, petition for review denied June 5, 1990 (310 Or 121)

In the Matter of the Compensation of
Beverly A. Bond, Claimant.

OAK CREST CARE CENTER et al,
*Petitioners,*

*v.*

BOND et al,
*Respondents.*

(WCB 86-17765; CA A61368)

789 P2d 6

Karen O'Kasey, Portland, argued the cause for petitioners. With her on the brief was Schwabe, Williamson & Wyatt, Portland.

Brian R. Whitehead, Salem, waived appearance for respondent Beverly A. Bond.

Jenny A. Ogawa, Salem, argued the cause for respondent Oak Crest Care Center/Crawford Risk Management. With her on the brief was Kevin L. Mannix, P.C., Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

Cigna Ins. Companies (Cigna) seeks review of a Workers' Compensation Board order that found it responsible for claimant's compensable back injury, because it had initially accepted the claim and could not issue a "back-up denial"[1] under *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). Cigna contends that *Bauman* should not apply and that Crawford & Company Risk Management (Crawford) is responsible, because it provided coverage at the time of injury. We reverse and remand.

Claimant suffered a back injury on January 5, 1985, while employed as a nurse at employer Oak Crest Care Center. Cigna had provided workers' compensation coverage for employer only until December 31, 1984. However, employer sent the 1985 claim to Cigna which accepted it on January 11, 1985, and began paying benefits.[2] In November, 1986, Cigna discovered that its coverage for employer had terminated before the injury and that Crawford had provided coverage after January 1, 1985. Cigna issued a denial of responsibility on December 10, 1986, and transferred the file to Crawford. Crawford initially paid benefits but subsequently issued a denial based on its conclusion that "[Cigna's] denial of responsibility of December 10, 1986, is ineffective."

At a consolidated hearing on both denials, the referee held that, although a back-up denial is generally inappropriate, Cigna's denial was valid under *D Maintenance Company v. Mischke,* 84 Or App 218, 733 P2d 903, *rev den* 303 Or 483 (1987). He further concluded that Crawford was responsible for the claim, because it was on the risk on the date of the injury. He therefore set aside Crawford's denial and ordered it to accept the claim. The Board reversed the referee's order and ordered Cigna to accept the claim, because its

" 'backup' denial was invalid[.] Therefore, Cigna's acceptance

---

[1] A back-up denial is a retroactive denial of a previously accepted claim. *Ebbtide Enterprises v. Tucker,* 303 Or 459, 461, n 1, 738 P2d 194 (1987).

[2] Claimant subsequently sought benefits for a hip condition that she claimed was compensable as a disability caused by her back injury. Cigna denied compensability for that condition, and the Board upheld the denial. Claimant sought review, and Crawford specifically agreed to assume responsibility to appear on the review. We ultimately upheld the denial. *Bond v. Oak Crest Care Center,* 91 Or App 186, 754 P2d 632 (1988).

continued in force and was legally binding, and the duty to pay benefits continued to run. *Georgia[-Pacific v. Piwowar]*, 305 Or 494, 502, [753 P2d 948] (1988). Inasmuch as Cigna's denial was invalid, the issue of Crawford's denial is rendered moot."

Cigna seeks review. It first contends that its back-up denial was valid and that Crawford is responsible, because Crawford was on the risk at the time of the injury. The Board relied on *Bauman v. SAIF, supra,* to make Cigna's denial invalid. In *Bauman,* the Supreme Court ruled that an insurer may not deny the compensability of a claim that it has previously accepted, even if the claim in fact arose from a noncompensable cause. That limitation also prohibits an insurer from denying *responsibility* for a claim, even if the claimant's benefits are not affected. *Ebbtide Enterprises v. Tucker,* 303 Or 459, 463, 738 P2d 194 (1987); *see also Jeld-Wen, Inc. v. McGehee,* 72 Or App 12, 695 P2d 92, *rev den* 299 Or 203 (1985). The consequence of those principles is that, once a claim is accepted, an insurer must continue to pay benefits unless and until someone else is determined to be responsible. *Retchless v. Laurelhurst Thriftway,* 72 Or App 729, 696 P2d 1181, *rev den* 299 Or 251 (1985).

Cigna contends its denial was appropriate, given our holding in *D Maintenance Company v. Mischke, supra.* In *Mischke,* the claimant sustained a compensable injury on March 31, 1983, and began receiving benefits from the at risk insurer soon thereafter. The employer subsequently moved its coverage to another carrier that agreed, as part of the policy, to provide retroactive coverage as of March 28. After discovering the new policy, the first insurer issued a denial and attempted to transfer the claim to the new carrier. The new carrier refused, because it concluded that the first insurer could not avoid coverage responsibility after it had accepted the claim.

In our review of the Board order, we explained that *Bauman* protects claimants against vacillation by an employer or an insurance carrier regarding acceptance of compensability or responsibility. *D Maintenance Company v. Mischke, supra,* 84 Or App at 222. However, as between the two carriers, the only question was whether responsibility to provide coverage had shifted to the new carrier. We concluded that the second carrier was responsible for the claimant's

condition, given its agreement to provide coverage as of March 28 and ORS 656.419(1).[3]

Crawford contends that *D Maintenance Company v. Mischke, supra,* is inapplicable, because

> "the second insurer had already entered into a contract *before* the injury arose. Therefore, there was no acceptance of the claim by operation of law, and hence, the issues of compensability and responsibility remained potentially viable and subject to litigation." (Emphasis in original.)

As we made clear in *Mischke, Bauman* protects a claimant from vacillation on issues of compensability and responsibility. In other words, it prohibits denial of the merits of a claim once it has been accepted. In this case, Cigna did not deny compensability of the claim or responsibility of employer. It denied coverage because it did not provide coverage on the date of the injury. *Bauman* does not apply to invalidate such a denial or bind a carrier to a previous acceptance when there is a lack of coverage. *D Maintenance Company v. Mischke, supra.* We do not perceive the Board's efforts to distinguish *Mischke* as having any relevance to this conclusion. Whatever may be the merits of Crawford's denial of the claim, it does not affect the legitimacy of Cigna's denial. *See D Maintenance Company v. Mischke, supra,* 84 Or App at 222, n 3.

We interpret the Board's order to resolve only the issue of whether Cigna could deny the claim under *Bauman.* The Board did not consider the remaining issues raised by Crawford's denial. We remand to allow it to consider those issues.

Reversed and remanded.

---

[3] ORS 656.419(1) provides:

"A guaranty contract issued by an insurer shall provide that the insurer agrees to assume, without monetary limit, the liability of the employer, arising during the period the guaranty contract is in effect, for prompt payment * * *."