Argued and submitted September 24, 1993, affirmed July 27, 1994

In the Matter of the Compensation of
Myron R. Shaffer, Claimant.
SAIF CORPORATION/
Chuck Chaney's Automotive Service, Inc.,
*Petitioner,*

*v.*

Myron R. SHAFFER
and Argonaut Insurance/
Chuck Chaney's Automotive Service, Inc.,
*Respondents.*

(91-08527, 92-15856; CA A78290)

878 P2d 1114

Steve Cotton, Special Assistant Attorney General, argued the cause for petitioner. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert Wollheim argued the cause for respondent Myron R. Shaffer. With him on the brief was Welch, Bruun, Green & Wollheim.

Darren L. Otto argued the cause for respondent Argonaut Insurance Company/Chuck Chaney's Automotive Service, Inc. With him on the brief was Scheminske & Lyons.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

HASELTON, J.

---

* Haselton, J., *vice* Durham, J.

## HASELTON, J.

SAIF Corporation seeks review of an order of the Workers' Compensation Board setting aside SAIF's denial based on lack of coverage for claimant's right knee injury. We affirm.

In January 1982, claimant fell at work, striking his right knee against a concrete floor. At that time, his employer's insurance carrier was Argonaut Insurance Co. Claimant retired from his job in 1983.

In October 1987, claimant filed an injury claim, alleging an on-the-job injury to his right knee; claimant erroneously identified the injury as occurring in 1984, and not 1982. Claimant's former employer referred the claim to SAIF, which had begun insuring the employer in 1985, which was after the date of either the actual or the erroneously designated date of the incident. On January 20, 1988, SAIF issued a notice of claim acceptance for post-traumatic arthritis of the right knee. Claimant subsequently underwent surgery and was ultimately awarded 85 percent scheduled permanent partial disability.

On June 18, 1991, three-and-one-half years after accepting the claim, SAIF issued a denial letter, asserting that it did not cover claimant's employer on the date of the injury. Thereafter, SAIF issued a disclaimer of responsibility, asserting that Argonaut was the responsible insurer. Claimant then filed a claim with Argonaut, which denied compensability, asserting that it was materially prejudiced by the filing of the claim more than seven (or nine) years after the injury. Argonaut also denied responsibility, asserting that SAIF's denial was unlawful.

The referee set aside SAIF's denial and the Board, relying on *Garcia v. SAIF*, 108 Or App 653, 816 P2d 1188 (1991), affirmed.

Before addressing *Garcia v. SAIF, supra*, we consider the application of ORS 656.262(6). That statute provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or

knowledge of the claim. However, if the insurer or self-insured employer accepts a claim in good faith but later obtains evidence that *the claim is not compensable or evidence that the paying agent is not responsible for the claim*, the insurer or self-insured employer, at any time up to two years from the date of claim acceptance, may revoke the claim acceptance and issue a formal notice of claim denial." (Emphasis supplied.)

If SAIF's denial of coverage is a denial based on "evidence that the paying agent is not responsible for the claim,"[1] that denial might be barred by the statute's two-year limitation.

■ ■ Whether ORS 656.262(6) encompasses denials for lack of coverage is a matter of statutory construction. In resolving that question, we look first to the statute's text and context and then, if that inquiry is inconclusive, to legislative history. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

The statutory text, when viewed in isolation, is ambiguous. Lack of "responsibility" is a broad concept that could encompass virtually any assertion by an employer or carrier[2] that it is not obliged to pay compensation for any reason unrelated to compensability, including lack of coverage.

In statutory context, "responsibility" is a more precise concept. Under the workers' compensation statutes, "responsibility" refers to disputes over:

"(a) Which of several subject employers is the true employer of a claimant worker;

"(b) Which of more than one insurer of a certain employer is responsible for payment of compensation to a worker;

"(c) Responsibility between two or more employers or their insurers involving payment of compensation for two or more accidental injuries; or

---

[1] Such a denial does not pertain to compensability. *See Oak Crest Care Center v. Bond*, 101 Or App 15, 19, 789 P2d 6, *rev den* 310 Or 121 (1990).

[2] No statute expressly defines "paying agent" for purposes of ORS 656.262(6). However, ORS 656.576 defines "paying agency" for purposes of ORS 656.578 to ORS 656.595 as "the self-insured employer or insurer paying benefits to the worker or beneficiaries." That definition, although not expressly controlling, is instructive.

"(d)  Joint employment by two or more employers * * *." ORS 656.307(1).

SAIF's denial for lack of coverage fell within the second of these categories of "responsibility": Both SAIF and Argonaut provided coverage to claimant's employer. Indeed, shortly after issuing its denial letter asserting a lack of coverage, SAIF issued its disclaimer of responsibility, identifying Argonaut as the employer's carrier on the date of injury.

The limited legislative history of the 1990 amendments to ORS 656.262(6) buttresses our belief that that statute addresses back-up denials based on lack of coverage. Before 1990, back-up denials of compensability or responsibility were not allowed except upon a showing of fraud, misrepresentation, or illegal activity by the claimant. *See Ebb Tide Enterprises v. Tucker*, 303 Or 459, 738 P2d 194 (1987); *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983).

Conversely, and subject to certain limitations described below, denials based on lack of coverage were allowed, so long as those denials pertained to intramural disputes between carriers. To the extent, however, that a "coverage" dispute implicated a claimant's entitlement to compensation on an accepted claim, we held that *Bauman v. SAIF, supra*, prohibited such a denial. *See, e.g., Oak Crest Care Center v. Bond*, 101 Or App 15, 18, 789 P2d 6, *rev den* 310 Or 121 (1990) ("*Bauman* protects claimants against vacillation by an employer or an insurance carrier regarding acceptance of compensability or responsibility"); *D Maintenance Company v. Mischke*, 84 Or App 218, 221-22, 733 P2d 903, *rev den* 303 Or 483 (1987) (under *Bauman*, "the first employer or insurer must continue to pay compensation *unless and until* someone else is determined to be responsible" (emphasis in original)).

Thus, we distinguished between (1) "pure" coverage denials that merely contested *who* would pay compensation on an accepted claim and (2) "back-up" denials for lack of coverage that put at risk *whether* a claimant would continue to receive compensation on an accepted claim. *Bauman* permitted the former, but barred the latter. *Compare Oak Crest Care Center v. Bond, supra*, 101 Or App at 19 (permitting "pure" coverage denial) *with Garcia v. SAIF, supra*, 108 Or

App at 658 (prohibiting "back-up" denial for lack of coverage, where denial put claimant's entitlement to continued compensation "at risk").

In amending ORS 656.262(6) in 1990, the legislature "specifically sought to change the law articulated in *Bauman v. SAIF.*" *CNA Ins. Co. v. Magnuson,* 119 Or App 282, 285, 850 P2d 396 (1993); *accord* Tape Recording, Senate Floor Debate, Special Legislative Session, May 7, 1990, Tape 4A at 155 ("What this section of the bill does is that it reverses the *Bauman* decision" (remarks of Senator Brenneman)). The 1990 amendments were, thus, designed to permit, subject to the two-year limitation, the sort of back-up denials prohibited by *Bauman* and its progeny. Although nothing in the 1990 legislative history expressly refers to back-up denials based on lack of coverage, there is no reason to believe the legislature intended to treat such denials differently from any other denials previously barred under *Bauman*. Thus, we conclude that ORS 656.262(6) permits carriers to issue such denials, subject to the statute's two-year limitation from the date of claim acceptance.

Here, SAIF's coverage denial is a back-up denial that would have been barred under *Bauman*. SAIF accepted the claim when it reasonably could have determined that it did not provide coverage on the date of the injury. Moreover, there is substantial evidence that the sheer passage of time would severely prejudice claimant's ability to litigate compensability against Argonaut. For example, claimant's recollection of the pertinent events has faded, and his right knee was surgically replaced years ago. Thus, SAIF's denial, coupled with Argonaut's denial of compensability, placed claimant's right to compensation "at risk." *See Garcia v. SAIF, supra.*[3]

■ Because SAIF's back-up denial otherwise falls within ORS 656.262(6), we must consider whether the statutory two-year limitation applies where, as here, the claim was

---

[3] SAIF attempts to distinguish this case from *Garcia* by arguing that *Garcia* limits lack of coverage denials "only in one instance: where the insurer has advised claimant that he did not need to pursue his claim against other potentially responsible entities." This is far too restrictive a reading of *Garcia* and our other decisions addressing lack of coverage denials. Those precedents prohibit back-up denials based on lack of coverage in *all* instances in which such denials put at risk claimant's right to compensation on an accepted claim.

accepted before the statute's effective date, July 1, 1990, but the back-up denial was issued after that date. Although "[t]he general rule * * * is that a statute that *shortens* a limitations period applies prospectively if the legislature does not express a contrary intent," a statute that *extends* a civil limitations period is, ordinarily, given retroactive application. *Boone v. Wright*, 314 Or 135, 139, 836 P2d 727 (1992). (Emphasis supplied.) *See also Nichols v. Wilbur*, 256 Or 418, 419-20, 473 P2d 1022 (1970).

■ The 1990 amendment to ORS 656.767(6) "extended" the limitations period for *Bauman* back-up denials by prescribing a two-year limitation for asserting denials that had previously been barred altogether. Consequently, the statutory two-year limitation governs back-up denials of coverage of claims accepted before July 1, 1990. Because SAIF issued its back-up denial here more than two years after the date of claim acceptance, that denial was time-barred.

Affirmed.