PER CURIAM
*329 Claimant seeks review of an order of the Workers' Compensation Board assessing a penalty under former ORS 656.268(5)(d) (2013)[1] based on SAIF's erroneous calculation of the range of motion component of claimant's award of impairment in a notice of closure. A correct calculation of the range of motion component resulted in an increase of two percent in the impairment award. The board determined that SAIF's miscalculation resulted in an unreasonable notice of closure under ORS 656.268(5)(d), and assessed a penalty based on the increased amount of the impairment award attributable to the miscalculation. Claimant contends that the board erred in assessing the penalty based only on the additional compensation due rather than the full award. We conclude that the board erred and therefore remand the order for reconsideration of the penalty.
ORS 656.268(5)(d) provides:
"If an insurer or self-insured employer has closed a claim or refused to close a claim pursuant to this section, if the correctness of that notice of closure or refusal to close is at issue in a hearing on the claim and if a finding is made at the hearing that the notice of closure or refusal to close was not reasonable, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."
(Emphasis added.) Claimant contends that the italicized text shows that the amount of the penalty is to be based on the correct full award of compensation due at the time of claim closure, and not merely on the additional amount determined to be owed the claimant. SAIF responds that the penalty should bear a reasonable relationship to the alleged misconduct, see Wacker Siltronic Corporation v. Satcher , 91 Or. App. 654, 658, 756 P.2d 679 (1988) (in order that the penalty "bears a reasonable relationship to the wrong done, there must be an unpaid amount 'then due' " on which to base the penalty), and, therefore, should be based *330 only on the additional compensation determined to be due as a result of SAIF's unreasonable calculation of the range of motion.
Assuming, without deciding, that the penalty provided by ORS 656.268(5)(d) was applicable, we conclude that claimant's interpretation of the statute is correct.[2] As we held in Liberty Northwest Ins. Corp. v. Olvera-Chavez , 267 Or. App. 55, 65, 339 P.3d 928 (2014), the penalty to be awarded under ORS 656.268(5)(d) is to be based on the total *28 amount of compensation due the claimant at the time of the unreasonable notice of closure.[3] Accordingly, we remand for the board to determine the penalty based on the amount of compensation due claimant as of the date of the notice of closure.

Former ORS 656.268(5)(d) (2013) was renumbered as ORS 656.268(5)(f), effective July 15, 2015. Or. Laws 2015, ch. 144, § 1. In this opinion, we cite the former numbering, which was applicable at the time of the board's order.

On judicial review, SAIF does not dispute the applicability of ORS 656.268(5)(d) or the board's determination that the notice of closure was unreasonable, and we therefore do not reach those issues.

In contrast, OAR 436-030-0175 provides that the penalty to be assessed under former ORS 656.268(5)(e) (2013) is to be "equal to 25 percent of the increased amount of permanent disability compensation." (Emphasis added.)