Argued and submitted March 21, reversed and remanded for further proceedings
August 1, 1990

In the Matter of the Compensation of
Nancy C. Evenhus, Claimant.

CAMLU RETIREMENT CENTER
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Nancy C. EVENHUS,
Norpac Foods, Inc., Industrial Indemnity
and CIGNA Insurance,
*Respondents.*

(WCB 87-04881, 87-03084, 87-03085; CA A61213)

795 P2d 606

Paul L. Roess, Portland, argued the cause for petitioners. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

Brian R. Whitehead, Salem, waived appearance for respondent Nancy C. Evenhus.

John E. Snarskis, Portland, argued the cause and filed the

brief for respondents Norpac Foods, Inc., and Industrial Indemnity.

Jerald P. Keene, Portland, argued the cause for respondent CIGNA Insurance. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Liberty Northwest Insurance Corporation (Liberty) seeks review of an order of the Workers' Compensation Board that Liberty was responsible for claimant's left knee injury, because it had accepted the claim and could not issue a backup denial under *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983). We reverse and remand.

■ Claimant suffered a compensable injury to her left knee while employed at Norpac Foods, Inc. (Norpac). On September 15, 1986, she sustained a second left knee injury while working for Camlu Retirement Center (Camlu). She filed an aggravation claim with Norpac's insurer, Industrial Indemnity, which denied it, and a new injury claim with Camlu, which sent it to Liberty, its insurer. Liberty accepted the claim and began paying medical benefits. Liberty subsequently discovered that its coverage for Camlu did not begin until September 16, a day after the injury, and that the claim should have been sent to CIGNA Insurance Companies as the responsible carrier on the date of the injury. Liberty therefore issued a denial of responsibility. No claim was filed with CIGNA.

At a consolidated hearing on both denials, the referee found that Liberty did not provide coverage on the date of the injury, but that it was nonetheless responsible, because the claim could not be denied once it had been accepted. The Board affirmed, because

> "Liberty Northwest's 'backup' denial was invalid. Therefore, Liberty Northwest's acceptance continued in force and was legally binding, and the duty to pay benefits continued to run."

■ Both the referee and the Board relied on *Bauman v. SAIF, supra,* which prohibits a denial on the merits of a claim once it has been accepted. Here, Liberty's denial was based on the fact that it did not provide coverage for the injury. As we said in *Oak Crest Care Center v. Bond,* 101 Or App 15, 19, 789 P2d 6, *rev den* 310 Or 121 (1990), *"Bauman* does not apply to invalidate such a denial or bind a carrier to a previous acceptance when there is a lack of coverage." The Board erred in holding Liberty's denial invalid.

The Board only considered whether Liberty could

deny the claim under *Bauman.* We therefore remand so that it may review the remaining issues raised by the denials.

Reversed and remanded for further proceedings not inconsistent with this opinion.