Argued and submitted July 8, reversed and remanded to Board for consideration of penalties and attorney fees September 11, 1991

In the Matter of the Compensation of
Juan A. Garcia, Claimant.

Juan A. GARCIA,
*Petitioner,*

*v.*

SAIF CORPORATION
and Basin Fresh Farms,
*Respondents.*

(89-08301; CA A67698)

816 P2d 1188

Brad G. Garber, Salem, argued the cause for petitioner. With him on the brief was Michael B. Dye, Salem.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board reversing the referee and holding that SAIF could properly deny an injury claim that it had processed and accepted for an alleged noncomplying employer pursuant to ORS 656.054.[1]

On December 7, 1987, claimant was injured while working at Basin Fresh Farms, Inc. (Basin Fresh), then managed by James and Sandra Clark as a partnership doing business as T. W. Holsteins, under a lease with Basin Fresh. On that date, the stock of Basin Fresh was transferred to Melvin Ferguson, as trustee for Basin Fresh creditors; however, Ferguson had no control over the operations of the farm until January 5, 1988, when the Clarks transferred all of their rights in Basin Fresh to Ferguson, who agreed to hold them harmless from any claims made against them arising out of the operation of the farm.

At the time claimant was injured, T. W. Holsteins had a workers' compensation policy with SAIF; however, at its request, on February 9, 1988, the policy with SAIF was cancelled as of October 1, 1987.

Claimant filed claims against T. W. Holsteins and Basin Fresh, which SAIF denied on January 14, 1988, and April 13, respectively, on the ground that it did not provide insurance coverage for those entities on the date of the injury. Claimant filed a request for hearing on the denials, and listed, among other issues, the Workers' Compensation Division's failure to process the claim under ORS 656.307. On April 27, 1988, claimant wrote to the Hearings Division with reference to the claim against Basin Fresh, and requested that the matter be joined for hearing with the claim against T. W. Holstein.

---

[1] ORS 656.054(1) provides, in part:

"A compensable injury to a subject worker while in the employ of a noncomplying employer is compensable to the same extent as if the employer had complied with ORS 656.001 to 656.794. The director shall refer the claim for such an injury to the State Accident Insurance Fund Corporation within 60 days of the date the director has notice of the claim. A claim for compensation made by such a worker shall be processed by the State Accident Insurance Fund Corporation in the same manner as a claim made by a worker employed by a carrier-insured employer * * *."

After becoming aware of SAIF's denials of the claims against T. W. Holsteins and Basin Fresh, the Compliance Section of the Evaluation Division began an investigation concerning the compliance of Basin Fresh. On May 19, 1988, on the basis of the February agreement between the Clarks and Ferguson, the Compliance Section notified SAIF that Ferguson, as trustee for the benefit of the creditors of Basin Fresh, was a subject employer and was not insured; it asked SAIF to process a claim against Ferguson for claimant, as a claim against a noncomplying employer, pursuant to ORS 656.054. On June 2, 1988, SAIF accepted the claim against Ferguson, and began paying temporary total disability benefits to claimant. On the same date, SAIF wrote to claimant's counsel in response to a letter from him requesting the designation of a paying agent:

> "SAIF Corporation was notified by letter of May 19, 1988, from the Investigative Unit that Melvin D. Ferguson, Attorney, trustee for Basin Fresh Farms, was subject and noncomplying. SAIF Corporation has verbally notified Compliance that they have accepted [claimant's] claim for injury of December 7, 1987.
>
> "Under the circumstances, the department will not need to issue a .307 Order."

On August 17, 1988, claimant and SAIF entered into a stipulated order of dismissal of a request for hearing on the claim against Ferguson:

> "IT IS HEREBY STIPULATED by claimant, claimant's attorney, Stanley Fields and SAIF * * * as follows:
>
> "Claimant filed a claim for back injury sustained on or about December 7, 1987. At the time of claimant's injury or occupational disease exposure, claimant was working for a non-complying employer.
>
> "The claim was referred to SAIF Corporation for processing by the Workers' Compensation Division. The claim was accepted and processed under the above claim number.
>
> "Claimant, by this document, requests a hearing to appeal the rate of temporary total disability benefits and raise other issues.
>
> "The parties agree to settle all issues raised or raiseable at this time as follows:

"a. SAIF agrees to adjust claimant's earnings to $1,250 per month and to retroactively pay the increase in benefits from December 21, 1987, to July 21, 1988, in the amount of $619.69.

"b. From the additional temporary total disability, and not in addition thereto, claimant's attorney is allowed a fee of 25 percent of the additional temporary total disability, not to exceed $750.

"c. The Request for Hearing is dismissed with prejudice."

Ferguson later requested a hearing concerning the noncomplying employer determination. Claimant did not appear at the December, 1988, hearing of that matter, relying on SAIF's having accepted the claim and his reasonable understanding that his right to compensation was not at issue. SAIF also waived appearance.

On January 24, 1989, a referee set aside the proposed order declaring Ferguson to be a noncomplying employer, because no employment relationship existed between claimant and Ferguson on the date of the injury and because any agreement between the Clarks and Ferguson to hold the Clarks harmless was a matter between those parties that did not affect the status of claimant's relationship with Ferguson. On March 9, 1989, for reasons that are not apparent on the record, the referee dismissed claimant's requests for hearings on the claims pending against T. W. Holsteins and Basin Fresh. That order became final.

On March 30, 1989, SAIF unilaterally terminated claimant's benefits on the claim against Ferguson, although claimant had not yet been declared medically stationary or released for work and had not returned to work. Claimant requested a hearing on the termination of his benefits. The referee held that SAIF had acted unreasonably, reinstated the acceptance and assessed a penalty and attorney fees because of the unilateral termination of benefits and the unreasonable delay in the payment of compensation. The Board reversed the referee, holding that SAIF was authorized to deny the claim when it discovered that Ferguson was not a noncomplying employer.

SAIF contends that this case is like *D Maintenance Company v. Mischke,* 84 Or App 218, 733 P2d 903, *rev den* 303 Or 483 (1987) and *Oak Crest Care Center v. Bond,* 101 Or App 15, 789 P2d 6, *rev den* 310 Or 121 (1990), where we said that the rule in *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), prohibiting back-up denials, was not intended to prevent a denial of a previously accepted claim when the insurer discovers that it did not provide coverage to the employer on the date of the injury. If there is no coverage, there is no basis for payment, and the insurer cannot be held accountable. However, the situation here is different: In the two cases cited, the dispute was between insurance companies; the claimant's right to compensation was not at risk. Here, a denial of coverage under the circumstances created by SAIF would result in a loss of benefits to claimant for an injury that no one disputes arose out of his employment.

Claimant satisfied his obligation under the workers' compensation statutes by filing claims with each of the two entities potentially responsible for his injury. Having done that, he had no other duty but to establish that his injury was related to his employment. When the Compliance Section called upon SAIF to process the claim against Ferguson, SAIF had the duty to investigate claimant's status as an employee and to join any potentially responsible employers or insurers, just as it would have had if it had been processing a claim against its own insured. ORS 656.054(1); *Priest v. City of Hermiston,* 106 Or App 732, 809 P2d 1370 (1991). In disregard of that obligation and without any investigation, it accepted the claim against Ferguson and advised claimant that he did not need to pursue his claims or his hearing requests against the other potentially responsible entities. Having done that, SAIF may not deny the previously accepted claim on the basis of a lack of coverage.[2]

Reversed and remanded to the Board for consideration of penalties and attorney fees.

---

[2] In its brief, SAIF says that "[a]s far as the record reflects, claimant still has a viable claim against the Clarks' partnership (dba T. W. Holsteins) or Basin Fresh as a noncomplying employer." In view of the dismissal of the requests for hearing on those claims, which became final, it is doubtful that either of them is viable.