Argued and submitted November 12, reversed and remanded with instructions December 22, 1993

In the Matter of the Compensation of
Michael E. Cooney, Claimant.

Michael E. COONEY,
*Petitioner,*

*v.*

SAFEWAY STORES, INC.,
*Respondent.*

(91-12106; CA A78682)

865 P2d 499

Kevin Keaney argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy.

Kenneth L. Kleinsmith argued the cause for respondent. With him on the brief was Meyers & Radler.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Claimant seeks review of a Workers' Compensation Board order denying him additional benefits for permanent partial disability for impairment due to chondromalacia, a disability not covered by standards existing at the time of the order on reconsideration. We reverse and remand.

Claimant suffered a compensable knee injury in 1986 and underwent three major surgeries. Because of the injury, he suffers chondromalacia of the patella. He was declared medically stationary on January 29, 1991. A determination order issued on August 28, 1991, did not make a separate award for that impairment. Claimant requested a hearing, and the referee also did not make a separate award for chondromalacia.

In June, 1992, the Director of the Department of Insurance and Finance[1] promulgated a rule providing for an impairment award for chondromalacia. OAR 436-35-230 (13)(a)-(b). On claimant's appeal, the Board evaluated and denied his claim under the new rule. It held that the report of claimant's physician, written on August 9, 1991, ten months before the rule was adopted, was "not persuasive evidence" because it was "not in conformance with the requirements of OAR 436-35-230(13)(a)-(b)." That was error. OAR 438-10-010(2) provides that, "[f]or claims in which the claimant was medically stationary after July 1, 1990, the disability rating standards in effect on the date of issuance of the reconsideration order shall be applied at hearing and on review of the reconsideration order." On August 29, 1991, the date of the reconsideration order, there were no standards for rating claimant's chondromalacia impairment. The Board should have remanded the case to the Director of the Department of Consumer and Business Services to adopt the requisite rule. *Gallino v. Courtesy Pontiac-Buick-GMC*, 124 Or App 538, 542, 863 P2d 530 (1993).

Reversed and remanded with instructions to remand to the Director of the Department of Consumer and Business Services.

---

[1] The Department of Insurance and Finance is now called the Department of Consumer and Business Services.