Argued and submitted January 7, affirmed March 9, 1994

In the Matter of the Compensation of
Kurt E. Hansen, Claimant.

SAIF CORPORATION
and Hansen Floor Covering, Inc.,
*Petitioners,*

*v.*

Kurt E. HANSEN,
*Respondent.*

(92-02086; CA A80326)

870 P2d 247

Michael O. Whitty, Special Assistant Attorney General, argued the cause for petitioners. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David Hittle argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

SAIF seeks review of an order of the Workers' Compensation Board holding that SAIF is barred from denying claimant's claim on the ground that claimant was not a subject worker at the time of his injury.

The facts are not in dispute. In 1987, claimant was part owner, director and president of Hansen Floor Covering. The law did not require that he be covered by workers' compensation insurance, and he did not elect coverage under ORS 656.039. In March, 1987, claimant injured his knee on the job, and filed a claim with SAIF. SAIF's records show that, in April, 1987, SAIF had concluded that claimant was an "interested person without personal election coverage." Nonetheless, in May, 1987, SAIF accepted the claim, and it was closed with an award of benefits.

In late 1990, claimant began to develop symptoms of his knee condition again. SAIF denied an aggravation claim for treatment of the condition, on the ground that the condition was not related to claimant's 1987 injury. The matter went to hearing, and a referee determined that the condition was compensable and ordered that SAIF's denial be set aside. SAIF appealed the referee's order to the Board, but later withdrew its appeal, and the referee's order became final.

In January, 1992, SAIF issued the denial at issue here, for the first time contending that claimant was not eligible for benefits because, at the time of the injury, he was not a subject worker and had not elected coverage. Relying on *Camlu Retirement Center v. Evenhus*, 102 Or App 603, 795 P2d 606 (1990), and *Oak Crest Care Center v. Bond*, 101 Or App 15, 789 P2d 6, *rev den* 310 Or 121 (1990), the referee held that SAIF could deny the claim at any time for a lack of coverage. The Board reversed the referee, holding that employer was barred from denying the claim retroactively when the effect would be to leave the claimant without benefits. *Garcia v. SAIF*, 108 Or App 653, 816 P2d 1188 (1991).

■■ We affirm the Board's order setting aside the denial. SAIF, having fully litigated the compensability of the claim, is barred by claim preclusion from denying it for lack of coverage. Claim preclusion bars the litigation of a claim based on

the "same factual transaction" that was or could have been litigated between the parties in a prior proceeding. It does not require actual litigation of an issue; nor does it require that the determination of the issue be essential to the final or end result reached in the proceeding. Only the opportunity to litigate is required. *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990). As the Supreme Court said in *Drews*,

> "[w]here there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question." 310 Or at 140.

The only former adjudication between SAIF and claimant concerned the aggravation claim. SAIF argues that claim preclusion does not apply, because the facts involved in the denial of coverage are not the same as those at issue in the aggravation litigation. SAIF's understanding of the phrase "same factual transaction" is too narrow. In *Drews*, the Supreme Court said:

> "To prevent splitting of the dispute or controversy courts employ a broad definition of what could have been litigated. Claim preclusion conclusiveness between the parties applies 'with respect to all or any part of the transaction, or series of connected transactions,' out of which the action or proceeding arose." 310 Or at 141 (quoting *Restatement (Second) of Judgments* § 24(1)).

SAIF's coverage of claimant's claim is inseparable from SAIF's obligation to pay compensation. In processing the claim, SAIF must necessarily have determined whether claimant was a person entitled to compensation. SAIF had the opportunity to litigate that question at the time it contested the compensability of the aggravation claim, but chose not to do so. Accordingly, we conclude that it may not litigate the question of coverage now.

Affirmed.