Argued and submitted November 1, 1994, reversed and remanded with instructions
February 15, 1995

In the Matter of the Compensation of
Marvin L. Thrasher, Sr., Claimant.

Marvin L. THRASHER, Sr.,
*Petitioner,*

*v.*

REYNOLDS METALS
and CIGNA Insurance Companies,
*Respondents.*

(WCB 92-02339; CA A79516)

889 P2d 1351

Susan Frank argued the cause for petitioner. On the brief were Kevin Keaney and Pozzi, Wilson & Atchison.

Montgomery W. Cobb argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board denying him additional compensation for chondromalacia. We reverse.

Claimant injured his knee at work. A determination order awarded him nine percent scheduled permanent disability, based on reduced range of motion. Claimant requested reconsideration, arguing that he was entitled to further compensation because of impairment resulting from chondromalacia in the knee, and asking that the Director of the Department of Consumer and Business Services promulgate a temporary rule to address the chondromalacia. The order on reconsideration reduced his award to six percent. The Director did not promulgate a temporary rule.

Thereafter, the Director promulgated a temporary rule addressing chondromalacia. On appeal, the Board considered claimant's request for additional compensation for chondromalacia in light of the new temporary rule. It declined to award additional compensation for the chondromalacia because it held that the doctor's report was "not in conformance with the requirements of" the temporary rule, and therefore the doctor's report was not persuasive.

Employer says that this case is just like *Cooney v. Safeway Stores, Inc.*, 125 Or App 536, 865 P2d 499 (1993). In that case, the claimant was denied additional compensation for chondromalacia. As in this case, there were no standards addressing chondromalacia when the order on reconsideration issued. On appeal of the reconsideration order, the Board found the medical report, which was written before the temporary rule was promulgated, "not persuasive," because it was "not in conformance with the requirements" of the temporary rule. Because the Board was required to apply the disability rating standards that were in effect on the date the order on reconsideration was issued, and there were no rules regarding chondromalacia at that time, we held that the Board should have remanded to the Director to adopt an appropriate rule. This case presents exactly the same situation and requires the same result.

Reversed and remanded with instructions to remand to Director of Department of Consumer and Business Services.