Argued and submitted November 1, 1994, reversed and remanded for reconsideration February 15, 1995

In the Matter of the Compensation of
Marvin L. Thrasher, Sr., Claimant.

REYNOLDS METALS
and CIGNA Insurance Companies,
*Petitioners,*

*v.*

Marvin L. THRASHER, Sr.,
*Respondent.*

(WCB 92-07640; CA A80926)

889 P2d 1352

Montgomery W. Cobb argued the cause and filed the brief for petitioners.

Susan Frank argued the cause for respondent. On the brief were Kevin Keaney and Pozzi Wilson & Atchison.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Employer seeks review of a Workers' Compensation Board order that set aside its denial of claimant's chondromalacia condition. We reverse.

Claimant was working for employer when bricks fell and hit his left knee, causing a disabling injury. When claimant's symptoms persisted, his orthopedist performed an arthroscopy of the knee, which revealed extensive chondromalacia. When claimant's condition became medically stationary, he was awarded permanent partial disability based on reduced range of motion, not chondromalacia. Claimant sought reconsideration of the determination order, seeking additional compensation for impairment due to the chondromalacia. At that time, there were no standards addressing chondromalacia. The order on reconsideration reduced claimant's award for reduced range of motion and did not make an award for the chondromalacia. Claimant sought a hearing, continuing to seek compensation for impairment due to chondromalacia. On the day the referee's order issued, denying additional compensation, employer denied the compensability of the chondromalacia. Claimant requested a hearing on the denial. The referee set the denial aside, holding that employer was barred by claim preclusion from denying the chondromalacia, because employer did not contest compensability at the hearing challenging the order on reconsideration regarding extent of disability. On appeal, the Board affirmed. It determined that, even if employer is not barred by claim preclusion from contesting the compensability of the chondromalacia, claimant had established that his current condition is compensable.

On review, employer does not assert that claimant's current condition is not compensable, but argues that the specific condition of chondromalacia is not compensable. It argues that there is no evidence to support what it characterizes as a Board finding that the chondromalacia is compensable. Claimant responds that, because employer did not challenge the compensability of chondromalacia in the dispute regarding the extent of disability, it is barred by claim preclusion from asserting that chondromalacia is not compensable.

■ Employer is not barred by claim preclusion from arguing that the chondromalacia is not compensable, even if it did not assert the noncompensability of the condition in the proceeding regarding extent of disability. We recently explained:

> "In *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990), the Supreme Court held that claim preclusion applies to workers' compensation decisions. Claim preclusion bars litigation of a claim based on the same factual transaction as was or could have been litigated between the parties in a prior proceeding that has reached a final determination. 310 Or at 142-43; *SAIF v. Hansen*, 126 Or App 662, 870 P2d 247 (1994). A determination order that is not appealed and has become final can give rise to application of the principle of claim preclusion. *Drews v. EBI Companies, supra*, 310 Or at 149; *Hammon Stage Line v. Stinson*, 123 Or App 418, 422, 859 P2d 1180 (1993)." *Messmer v. Deluxe Cabinet Works*, 130 Or App 254, 257, 881 P2d 180 (1994), *rev den* 320 Or 507 (1995).

Claim preclusion applies only when the prior determination has become final. *Drews v. EBI Companies, supra*, 310 Or at 140; *see Hammon Stage Line v. Stinson, supra*. Employer is correct that there has been no final determination of the extent of claimant's disability. The Board's order declining to award compensation for chondromalacia is on review to this court. *See Thrasher v. Reynolds Metals*, 133 Or App 13, 889 P2d 1351 (1995). Because there has not been a final determination in that case, claim preclusion does not apply in this case.

■ Employer next argues that the Board erred in finding that claimant established the compensability of chondromalacia. It asserts that, instead of considering whether the chondromalacia is compensable, it erroneously considered the compensability of claimant's "current condition," that is, the condition that resulted from the combination of the knee injury and the preexisting chondromalacia. Claimant does not respond to that argument.

We agree with employer. Although the Board accurately stated in its order that the issue was employer's partial denial of chondromalacia, it then decided the compensability of the current resulting condition, concluding that the "current disability and need for treatment" are compensable. The

Board failed to address the issue posed to it: the compensability of the underlying chondromalacia condition. Because the Board did not address that issue, we remand for it to determine whether claimant's chondromalacia condition is compensable.

Reversed and remanded for reconsideration.