Argued and submitted July 17, 1998, affirmed March 10, 1999

In the Matter of the Compensation of
Peter G. Wylie, Claimant.

ACTIVE TRANSPORTATION CO.
and CIGNA Insurance Companies,
*Petitioners,*

*v.*

Peter G. WYLIE,
*Respondent.*

(WCB 96-03042; CA A99252)

976 P2d 94

Vera Langer argued the cause for petitioners on review. With her on the brief was Scheminske, Lyons & Bussman, LLP.

Dale C. Johnson argued the cause for respondent. On the brief were Christine Jensen and Malagon, Moore & Jensen.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

WOLLHEIM, J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## WOLLHEIM, J.

Employer seeks review of an order of the Workers' Compensation Board that set aside a partial denial of claimant's preexisting right knee condition. We affirm.

Claimant was working for employer when he slipped and fell, injuring his right knee. Employer accepted the injury as a disabling right knee strain. Claimant did not have any right knee symptoms before the compensable injury. Arthroscopic surgery revealed chondromalacia of the medial femoral condyle and medial tibial plateau. The attending physician, Dr. Lipp, found claimant medically stationary with no permanent impairment and the claim was closed in January 1996 with no permanent disability. Claimant, however, remained symptomatic. In March 1996, employer issued a partial denial because it believed that a preexisting degenerative joint disease[1] in claimant's right knee was the major contributing cause of claimant's need for treatment. At the resulting hearing, the ALJ set aside the denial, holding that the compensable injury was the major contributing cause of claimant's worsened preexisting chondromalacia. On appeal, the Board affirmed. It determined that the persuasive medical evidence indicated that claimant had a combined condition under ORS 656.005(7)(a)(B). In addition, the Board agreed with the ALJ that persuasive medical evidence established that the accepted injury was the major contributing cause necessitating treatment for the combined condition.

On review, employer argues that the Board erred in treating the claim as one for a combined condition under ORS 656.005(7)(a)(B), rather than a claim for worsening of a preexisting condition. Employer asserts it denied a preexisting condition, not a combined condition. Employer relies on *Reynolds Metals v. Thrasher*, 133 Or App 30, 889 P2d 1352 (1995). There, the claimant also injured his knee and an arthroscopy revealed preexisting chondromalacia. During

---

[1] The administrative law judge (ALJ) concluded that chondromalacia, degenerative arthritis of the medial compartment and degenerative joint disease all referred to claimant's preexisting right knee condition and that these terms were used interchangeably by the physicians.

the reconsideration process, the claimant sought permanent disability for his chondromalacia, even though that condition had not been accepted. After the extent of disability hearing, the employer denied the compensability of the chondromalacia. 133 Or App at 32. The Board set aside the denial, finding the claimant's "current condition" compensable. The employer argued that it denied only the chondromalacia and not the compensability of the claimant's current condition. We agreed and remanded the case to the Board to determine whether the denied condition was compensable. 133 Or App at 33-34. Employer argues "[t]here is no difference between *Reynolds Metals* and this case." We disagree.

■     Here, employer denied that claimant's compensable condition was the major contributing cause of claimant's need for treatment. Instead it alleged that the preexisting chondromalacia was the major contributing cause of the need for treatment. Out of necessity, the Board had to determine the nature of the medical treatment that claimant was receiving in order to determine its major contributing cause. In reviewing the medical evidence, the Board found that claimant's treatment was for a combined condition, *i.e.*, the compensable knee strain combined with the preexisting chondromalacia. Substantial evidence in the record supports the Board's finding. The Board did not err in finding that employer's denial of claimant's medical treatment denied the compensability of claimant's combined condition.

■     Employer further contends that if, as we have concluded, the claim is to be treated as one for a combined condition, then the combined condition is an occupational disease and not an injury. We reject that contention. An occupational disease stems from conditions that develop gradually over time. ORS 656.802. *Mathel v. Josephine County*, 319 Or 235, 240, 875 P2d 455 (1994). By contrast, an injury is sudden, arises from an identifiable event, or has an onset traceable to a discrete period of time. *Id.*; *Valtinson v. SAIF*, 56 Or App 184, 188, 641 P2d 548 (1982). It is undisputed that the condition for which claimant seeks compensation became symptomatic when claimant slipped and fell. Substantial evidence supports the Board's determination that the claim should be regarded as one for an injury rather than an occupational disease. Employer does not challenge

the Board's finding that persuasive evidence established the accepted injury was the major contributing cause for treatment of the combined condition.

Affirmed.