993 P.2d 327 (1999)
In The Matter Of The Worker's Compensation Claim Of: Donald David MURRAY, Appellant (Petitioner/Employee-Claimant),
v.
STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent/Objector-Defendant).
No. 99-76.
Supreme Court of Wyoming.
December 29, 1999.
*328 Representing Appellant: Sharon M. Rose of Beppler, Lavery & Rose, P.C., Evanston, WY. Argument presented by Ms. Rose.
Representing Appellee: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General. Argument presented by Mr. Haggerty.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.
HILL, Justice.
Appellant Donald Murray's wrists broke out in hives shortly after he drew a sample of raw gas as part of his job activities. When the Workers' Compensation Division denied Murray's claim for benefits, a contested case hearing was held to determine whether his injury was work-related. The hearing examiner held that Murray's inability to identify the precise chemical which caused his skin problem constituted failure to prove a compensable injury as a matter of law. We find that Murray's inability to identify the specific source of his rash does not preclude a finding of causation as a matter of law, and therefore, reverse and remand.

ISSUES
Appellant Murray phrases the issues as follows:
A. Did the Hearing Examiner err in applying the burden of proof for occupational disease/injuries which occur over a substantial period of time, § 27-14-603 W.S.A. (1997 Ed), to Appellant's case[?]
B. Did the hearing examiner impose a greater burden of proof than a preponderance of the evidence, (sic) in requiring the Appellant to identify a specific chemical causing injury[?]
C. Was the Hearing Examiner's decision that Appellant had not met his burden of proof on causation an abuse of discretion[?]
Appellee Wyoming Workers' Compensation Division phrases the issues as:
The Hearing Examiner denied benefits for the Employee's skin disease for several alternative reasons.
A. Was any one of the Hearing Examiner's alternative reasons supported by substantial evidence, within his discretion and in accordance with law?

FACTS
In 1982, Murray began work as a plant operator at the Chevron USA, Inc. Carter Creek Gas Plant. His position required daily contact with a number of chemicals including raw gas, raw sulfur, treated gas, and gas stream products. Toward the end of his shift, on the morning of March 6, 1997, Murray drew a routine sample of raw gas. Approximately 15 to 20 minutes later, he suffered an outbreak of severe urticaria (hives) on his wrists appearing at the point where his gloves had been rolled down.
Later that day, Murray went to the emergency room when the urticaria became more severe and had spread over his entire body. There, he saw Dr. French, who speculated that the cause of the rash could have been a reaction to the medication he had recently taken for a sinus condition. As his condition persisted, Murray consulted several other medical practitioners to determine the cause and treatment for his condition. He eventually saw Dr. John Zone, a board certified dermatologist and immunologist, who conducted tests which returned negative for allergies to latex, food, and the medication which Murray was taking prior to his outbreak.
*329 While under the care of Dr. Zone, Murray had another severe outbreak while handling Glad garbage bags. After he reported this event to Dr. Zone, the doctor performed a "scratch test" with Glad bags which caused a life-threatening reaction. Dr. Zone then surmised that Murray was allergic to petroleum products because the bags are coated with various substances including hydrocarbons.
Murray filed a claim for benefits with the Division, and two days later, the Division issued a final determination denying benefits because the employee had not suffered an injury as defined by the Workers' Compensation Act. A hearing to determine Murray's claim was held on October 22, 1998. The parties agreed that the issue was whether the injury was work-related, but differed as to whether Murray was required to prove the elements of a single incident injury or an injury occurring over a substantial period of time. Finding that Murray failed to meet his burden of proof, the hearing examiner's conclusions of law included the following:
7. To prove that an injury arises out of or in the course of employment, a claimant must show a causal connection between the injury and the employment exist.
. . . .
9. To find a nexus, the Office must determine if the injury occurred during the period of employment, at the place of employment while the Employee was fulfilling the duties of his employment and the (sic) under what conditions the duties were performed.
. . . .
12. Proximate cause is such cause which in direct, unbroken sequence produces an injury or directly brings about an injury either immediately or through happenings which follow one after another.
. . . .
17. The employee has not met his burden of proof in demonstrating any connection between his work and his condition.
18. The employee has not demonstrated what his injury is. Without determining what the "injury" is, it is impossible, as a matter of law, to attribute it to a condition of employment.
19. The medical evidence presented does not identify a source or cause of the Employee's urticaria. If no cause can be identified, the Employee cannot meet his burden of proof. . . .
20. No evidence was presented that indicates any illness occurred at the Employer's premises.
21. The Office concludes [that] the Employee suffers from an illness and that the risk of the illness was not increased by the Employee's employment because no cause of his illness was identified by the medical testimony and evidence.
22. If the Employee's injury is one which occurs over a substantial period, the Employee has failed to prove a direct causal connection in his condition and work, that the injury follows as a natural incident of his work or the proximate cause of his condition.

STANDARD OF REVIEW
Our process for reviewing a hearing examiner's decision that the injured worker has failed to meet the burden of proof assigned to him has been expressed as follows:
A claimant for worker's compensation benefits has the burden of proving all the essential elements of the claim by a preponderance of the evidence in the contested case hearing. Martinez v. State ex rel. Wyoming Workers' Compensation Div., 917 P.2d 619, 621 (Wyo.1996). When an agency decides that the party charged with the burden of proof has failed to meet that burden, the case is reviewed under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" language of WYO. STAT. § 16-3-114(c)(ii) (1990). City of Casper v. Utech, 895 P.2d 449, 452 (Wyo.1995). On appeal the complainant * * * has the burden of proving arbitrary administrative action. Knight v. Environmental Quality Council of State of Wyo., 805 P.2d 268 (Wyo.1991); Wyoming Bancorporation v. Bonham, 527 P.2d 432, 439 (Wyo.1974); Marathon Oil *330 Co. v. Welch, 379 P.2d 832, 836 (Wyo.1963); Whitesides v. Council of City of Cheyenne, 78 Wyo. 80, 319 P.2d 520, 526 (1957). The agency, as the trier of fact, is charged with weighing the evidence and determining the credibility of witnesses. Utech, 895 P.2d at 451, and cases there cited. The deference normally accorded to the findings of fact by a trial court is extended to the administrative agency, and the agency's decision as to the facts will not be overturned unless it is clearly contrary to the overwhelming weight of the evidence. Wyoming Steel & Fab, Inc. v. Robles, 882 P.2d 873, 875 (Wyo.1994). Demonstrating evidentiary contradictions in the record does not establish the irrationality of the ruling, but we do examine conflicting evidence to determine if the agency reasonably could have made its finding and order based upon all of the evidence before it. Matter of Corman, 909 P.2d 966, 971 (Wyo. 1996); Knight, 805 P.2d at 274; Ward v. Board of Trustees of Goshen County School Dist. No. 1, 865 P.2d 618, 623 (Wyo. 1993); State ex rel. Wyoming Workers' Compensation Div. v. Ramsey, 839 P.2d 936, 941 (Wyo.1992).
Morgan v. Olsten Temporary Services, 975 P.2d 12, 13-14 (Wyo.1999) (quoting Pederson v. State ex rel. Wyoming Workers' Compensation Division, 939 P.2d 740, 742 (Wyo. 1997)). When reviewing an administrative decision, we will not defer to the agency's conclusions of law. Sellers v. State ex rel. Wyoming Workers' Safety and Compensation Division, 979 P.2d 959, 961 (Wyo.1999). Conversely, we will defer to an agency's findings of fact as long as the agency's findings of fact comport with the evidence. 979 P.2d at 961.

DISCUSSION
Murray raises two points in his argument that the hearing examiner's decision was arbitrary, capricious, or otherwise not in accordance with the law. First, he contends that his claim results from a single injury incident, but the hearing examiner erroneously applied the higher burden of proof required to establish an injury occurring over a period of time. Murray also maintains that the hearing examiner erroneously required him to definitively prove the specific cause of his allergy, thus raising his burden of proof to a clear and convincing standard.

1. Characterization of the Injury.
Murray contends that the hearing examiner considered his claim solely as an injury occurring over a substantial period of time pursuant to Wyo. Stat. Ann. § 27-14-603[1]. We disagree. Wyo. Stat. Ann. § 27-14-102(a)(xi) (LEXIS 1999) defines "injury" as:
any harmful change in the human organism other than normal aging . . . arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence. . . . "Injury" does not include:
(A) Any illness or communicable disease unless the risk of contracting the illness or disease is increased by the nature of the employment[.]
The hearing examiner specifically found that Murray's injury was an "illness," and that he failed to show that the nature of his employment increased his risk of contracting the disease. The hearing examiner went on to say that if the injury was controlled by § 27-14-603, Murray failed to meet his burden of proof under that section.
We agree with the hearing examiner's finding that Murray's injury is controlled by *331 § 27-14-102. The evidence before the hearing examiner was that Murray drew a sample of raw gas while wearing gloves supplied by his employer and shortly thereafter developed severe urticaria. Both parties agree that the determination of whether the injury was a single occurrence injury or an injury which appeared over time is one of fact. See, e.g., Dougherty v. J.W. Williams, Inc., 820 P.2d 553, 555 (Wyo.1991) (determination that injury occurred over a substantial period of time not supported by substantial evidence); In re Pero, 49 Wyo. 131, 52 P.2d 690, 699 (1935) (whether an incident is determined to be accidental or an occupational disease "must to some extent be determined in accordance with its own facts"); and Active Transportation Company v. Wylie, 159 Or. App. 12, 976 P.2d 94, 96 (1999) (substantial evidence supports determination that claim should be regarded as injury rather than occupational disease). We defer to the agency's finding unless it is unsupported by substantial evidence.
While it is true that Dr. Zone, Murray's expert and treating physician, testified that "all immune reactions of this nature develop over a period of time," he also testified that the reaction itself is triggered by a single event. Dr. Straight, the expert who testified on behalf of the Division, also referred to the onset of the urticaria as caused by an "event." Thus, there is substantial evidence supporting the hearing examiner's determination that Murray's claim was governed by § 27-14-102 rather than the statute relating to an injury that incurred over a substantial period of time.

2. Identification of a Specific Cause
In essence, the hearing examiner determined that because the medical evidence did not identify the source of Murray's urticaria, he did not "demonstrate what his injury is," and, therefore, could not show causation as a matter of law. This answer to a question of law is the foundation for the hearing examiner's finding that "no evidence was presented that indicates any illness occurred at the Employer's premises." However, causation must be considered in light of all the circumstances surrounding the incident. Therefore, we find that the hearing examiner erred in failing to weigh all the relevant evidence and in requiring Murray to show the specific source of his urticaria as a matter of law.
To prove an injury under § 27-14-102, Murray must show by a preponderance of the evidence that his urticaria arose "out of and in the course of his employment." If the injury is deemed an "illness," the claimant must also show that the risk of contracting the illness is increased by the nature of the employment. In this case, medical evidence was presented by two doctors: Dr. Zone testifying for Murray and Dr. Straight testifying for the Division. Dr. Zone began treating Murray several weeks after his initial outbreak. Based on Murray's history, the tests performed, and Murray's severe reaction to the Glad bag scratch test, Dr. Zone concluded that Murray's condition was contact urticaria, probably caused by the exposure to the chemicals in the gloves he wore while taking the sample at work. He opined that further testing would be unavailing and would put Murray at an unnecessary risk.
Dr. Straight examined Murray several months after he was being treated for his condition. By the time Murray saw Dr. Straight, the urticaria was not immediately apparent, although he conducted a skin test which indicated the presence of urticaria. Dr. Straight conceded that his ability to make a diagnosis may have been easier had he seen Murray when his condition was acute. Dr. Straight agreed that "something happened that day" and "[Murray] had contact with something, obviously, that touched his skin." However, Dr. Straight opined that "all of these tests that have been done so far have really not answered the question satisfactorily as to whether or not it was hydrocarbon or not." Dr. Straight's ultimate diagnosis was delayed pressure urticaria, but he also stated that the causes of delayed urticaria "are typically not found." He further testified:
Delayed pressure urticaria may last for six months to a few years and then may just go away. The cause is often mysterious and nobody knows, in most cases, why it comes. It's not very common, but I've had *332 several patients who have had it, some acquired it in the workplace, some acquired it out of the blue.
. . . .
. . . I see people in the emergency room every day, I (sic) seen two today who had an onset of urticaria at work or at home and they don't know why it happened, and, you know, they were doing any number of things that they think is related, but do we really know for sure? No, we never do. Sometimes we do, they have taken a pill or they ate something, but in the majority of cases we don't have a reason why they had hives in the first place. And that's the common, everyday experience of every doctor in this country who sees patients, that hives occur and we often are unable to figure out why. The problem is did Mr. Murray's problems just happen to start when he was at work or did the work environment cause his problems and, you know, I don't have an answer for you. . . . And science so far hasn't helped Mr. Murray much being able to say yes or no, that is or is not the case.
Dr. Straight agreed with Dr. Zone that Murray should not return to work without further testing, and that he did not "blame" Murray for not wanting to continue with testing.
Since 1936, in the context of determining when an injury becomes compensable, this Court has recognized the limitations of medical testimony. Baldwin v. Scullion, 50 Wyo. 508, 62 P.2d 531, 539 (1936); Little America Refining Company v. Witt, 854 P.2d 51, 57 (Wyo.1993). In Baldwin, we observed that "[m]edical science and diagnosis have advanced with well-nigh miraculous strides in the last decade or two, yet they cannot at this time, and probably never will be able to foretell accurately the reaction of every particular human body to every particular hurt it may sustain in industrial employment." 62 P.2d at 539. With this in mind:
We have held that medical testimony is not required if it is not essential to establish a causal connection between the accident and the injury. Hansen v. Mr. D's Food Center, 827 P.2d 371 (Wyo.1992). We also have held that the finder of fact is not necessarily bound by the medical evidence. McCarty v. Bear Creek Uranium Co., 694 P.2d 93 (Wyo.1985). On the other hand, we have acknowledged that where a medical question is complex, and the fact finding must be done in a realm that appropriately relies upon technical medical knowledge and expertise, medical testimony should not be ignored. Ludlow v. Wortham Machinery Co., 71 Wyo. 331, 257 P.2d 358 (1953).
Forni v. Pathfinder Mines, 834 P.2d 688, 693 (Wyo.1992); see also Jackson v. J.W. Williams, Inc., 886 P.2d 601, 603, 604 (Wyo. 1994) (quoting Padilla v. Lovern's, Inc., 883 P.2d 351, 355 (Wyo.1994)).
The medical experts in this case agreed that something happened while Murray was at work that triggered the urticaria, and that the tests performed so far were not conclusive. They also agreed that it was not uncommon that the specific cause of Murray's condition could not be identified. Thus, the usefulness of the medical testimony was clearly limited by the state of the science.
Rather than recognizing this limitation, the hearing examiner required Murray, as a matter of law, to demonstrate a cause that typically can not be shown through medical testimony. In so doing, the hearing examiner failed to weigh the circumstantial evidence which tended to show that the urticaria was causally related to Murray's employment. "Proof of prior good health and change immediately following and continuing after an injury may establish that an impaired condition was due to the injury." Waldorf Corporation v. Industrial Commission, 303 Ill.App.3d 477, 236 Ill.Dec. 890, 708 N.E.2d 476, 480 (1999); see also Davis v. General Electric Company, 991 S.W.2d 699, 706-707 (Mo.App. S.D.1999). "[E]vidence of the timing of symptoms has been specifically recognized as a competent way of studying causation; `the manner in which the disease developed, with reference to the claimant's medical and work history' is entirely appropriate for the court to consider." Kiczula v. American National Can Company, 310 N.J.Super. 293, 708 A.2d 742, 746 (1998) (quoting Fiore v. Consolidated Freightways, 140 N.J. 452, 659 A.2d 436 (1995) considering *333 occupational disease). Indeed, we have recognized that when a single incident injury is so "[immediate] and directly or naturally and probably the result of an accident, . . . medical evidence is not essential to find a causal connection." Thornberg v. State ex rel. Wyoming Workers' Compensation Division, 913 P.2d 863, 867 (Wyo.1996) (quoting Hansen, 827 P.2d 371 at 373 (Wyo.1992)).
In this case, Murray's claimed injury was an outbreak of urticaria. The uncontested evidence demonstrated that Murray had previously suffered only minor allergies diagnosed in 1973 or 1974. The outbreak began while he was at work, within 15 to 20 minutes after drawing a raw sample of gas while wearing gloves. It is also uncontested that the urticaria continued to grow in severity throughout the day. There was no evidence challenging the veracity of Murray's version of the circumstances of his outbreak or the history given to his doctors. In fact, Dr. Straight testified that he believed Murray "completely." Considering these factors, Dr. Zone testified that the urticaria was caused by something in the gloves being worn by Murray immediately before the outbreak. Dr. Straight did not disagree, but stated that he could not offer the same opinion to a reasonable degree of medical certainty due to the limitations of the present science in identifying a specific cause.
Murray is required to show the causal nexus between his injury and some condition, activity, environment, or requirement of his employment by a preponderance of the evidence, not medical certainty. The uncontradicted evidence points to the fact that Murray's injury occurred on the work premises, and that it was triggered by his routine collection of the sample of raw gas. The premises rule, adopted by this Court in Archuleta v. Carbon County School District No. 1, 787 P.2d 91, 93 (Wyo.1990) establishes a rebuttable presumption of causation when an employee, having fixed hours and place of work, suffers an injury on the premises while at work. This presumption was not rebutted by Dr. Straight's testimony regarding the limitations of medical science.
As to the second element, that the risk of an illness be increased by the nature of the employment, both medical experts agreed that it would be unsafe for Murray to return to the employment environment. Therefore, he has established that his work environment would increase the risk of his contracting or aggravating his injury by a preponderance of the evidence. The hearing examiner's error of law prevented him from considering the evidence presented by the claimant. Had the hearing examiner considered all of the uncontradicted evidence before him, the only reasonable conclusion would be that Murray had demonstrated a compensable injury by a preponderance of the evidence.

CONCLUSION
A claimant seeking workers' compensation benefits is not precluded from meeting his burden of proof merely because the state of medical science cannot identify the specific cause of his injury. In such a case, the hearing examiner must consider all of the evidence relevant to the issue of causation. In this case, Murray presented uncontradicted testimony that his injury occurred while he was at work, and that his return to that environment would endanger his health. Therefore, he proved by a preponderance of the evidence that his injury was compensable. We, therefore, reverse the order of the hearing examiner denying benefits and remand this case for disposition in accordance with this opinion.
NOTES
[1] Wyo. Stat. Ann. § 27-14-603 (LEXIS 1999) requires the petitioner to prove by competent medical authority that:

(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;
(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;
(iii) The injury can fairly be traced to the employment as a proximate cause;
(iv) The injury does not come from a hazard to which [the employee] would have been equally exposed outside of the employment; and
(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.